UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES MCKNIGHT,

                Movant,

      -vs-

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6396-MAT**


**Criminal Case**
**No. 6:05-cr-6024-MAT**

---

### INTRODUCTION

James McKnight ("McKnight" or "Movant"), represented by counsel, has filed a Motion to Correct the Sentence (Dkt #52) pursuant to 28 U.S.C. § 2255 ("Section 2255"). McKnight asserts that his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") §§ 4B1.1 and 4B1.2.2 is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2005, McKnight appeared before District Judge Charles J. Siragusa and pled guilty to two counts of an indictment charging him with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (possession with intent to distribute cocaine base) and 18 U.S.C. § 924© (possession of a firearm in furtherance of a drug trafficking crime). On April 26, 2006, Judge Siragusa adopted the findings in the Pre-Sentence Report ("PSR") that McKnight was a

-1-

career offender based upon a determination that his offense conviction (possession with intent to distribute cocaine base/possession of a firearm in furtherance of a drug trafficking crime) was a "controlled substance offense," and that he had at least two qualifying prior convictions for either a "crime of violence" or a controlled substance offense, namely, a third-degree robbery conviction and a first-degree reckless endangerment conviction. As a result of these findings, McKnight's total offense level was a 31 and his criminal history category was a VI, which yielded an advisory Guidelines range of 262 to 327 months pursuant to U.S.S.G. § 4B1.1(c)(2). See Pre-Sentence Report ("PSR") ¶¶ 35-36. This range was significantly greater than the aggregate range of 130 to 147 months specified in the Plea Agreement. Judge Siragusa sentenced McKnight as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.2 and imposed an aggregate term of imprisonment of 180 months (120 months on the drug conviction and 60 months consecutive on the § 924(c) conviction).

In his first motion under 28 U.S.C. § 2255, McKnight argues that Johnson's holding also applies to the residual clause found in U.S.S.G. § 4B1.2(a)(2); that Johnson's holding applies retroactively to Section 2255 challenges to Guidelines' sentences; and that he is not a career offender because his third-degree robbery and first-degree reckless endangerment convictions no longer qualify as "crimes of violence" under the Guidelines'

residual clause. McKnight indicates that without the career offender designation, his offense level would be a 21, and he would be in criminal history category VI, which would result in an aggregate Guidelines range of 137 to 156 months.

Respondent does not dispute that McKnight's third-degree robbery and first-degree reckless endangerment convictions no longer qualify as "crimes of violence" under the Guidelines' residual clause, instead arguing that McKnight's motion should be denied because Johnson does not apply retroactively to Section 2255 challenges to Guidelines' sentences.

For the reasons discussed below, McKnight's motion is granted, and the matter is transferred to Judge Siragusa for re-sentencing.

## DISCUSSION

On June 26, 2015, the Supreme Court issued its decision in Johnson, holding that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(2), is unconstitutionally vague. On April 18, 2016, the Supreme Court ruled that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016); see also id. at 1265 (confirming that Johnson has "nothing to do with procedure" because it "'alter[s] 'the range of conduct or the class of persons that the [ACCA] punishes") (quotation omitted).

The nullified residual clause in the ACCA made any crime

punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a "violent felony" for purposes of designating a defendant an armed career criminal. 18 U.S.C. § 924(e)(2)(B)(ii). Though <u>Johnson</u> dealt only with the ACCA's residual clause, the Second Circuit has recognized that the operative language of U.S.S.G. § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.[1] <u>See</u>, <u>e.g.</u>, <u>United States v. Gray</u>, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Effective August 1, 2016, the United States Sentencing Commission amended Guidelines § 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in <u>Johnson</u>.

Respondent argues that <u>Welch</u> restricted its finding that <u>Johnson</u> is a substantive rule to cases involving the ACCA because in that context, "a sentence based on the residual clause of the ACCA is a sentence that cannot be imposed lawfully under the Constitution, regardless of the procedures employed." Resp't Mem.

---

[1]

    <u>Compare</u> U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") <u>with</u> 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

(Dkt #58) at 6. Respondent contends that this is not the case under the Guidelines, because they simply "provide a mechanism for directing a sentencing court's discretion to impose a punishment within the range selected by Congress." Id. (citation omitted). In essence, Respondent argues that the Johnson rule is substantive when applied to § 924(c)(3)(B) but merely procedural when applied to the Guidelines. As such, its retroactive application is barred by Teague v. Lane, 489 U.S. 288, 310 (1989) (plurality opn.) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). The Fourth Circuit recently rejected this very argument. See In re Hubbard, 825 F.3d 225, 234 (4th Cir. 2016).

At the outset, the Fourth Circuit observed that "Welch declared unequivocally that Johnson was 'a substantive decision and so has retroactive effect under Teague in cases on collateral review[.]'" Hubbard, 825 F.3d at 234 (quoting Welch, 136 S. Ct. at 1265). The Fourth Circuit further noted the absence of any caselaw "to support the proposition that a rule can be substantive in one context but procedural in another." Id. (citing Danforth v. Minnesota, 552 U.S. 264, 266 (2008) ("New [substantive rules] . . . must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings.")).

-5-

The Supreme Court in <u>Welch</u> also noted that "[b]y striking down the residual clause as void for vagueness, <u>Johnson</u> changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'" <u>Welch</u>, 136 S. Ct. at 1265 (quotation omitted). Based on this reasoning, the Fourth Circuit likewise found that striking the residual clause in U.S.S.G. § 4B1.2(b) would "'alter[ ] the range of conduct or the class of persons that the [Sentencing Guidelines] punishes.'" <u>Hubbard</u>, 825 F.3d at 834 (quoting <u>Welch</u>, 136 S. Ct. at 1265 (quotation marks omitted in original; brackets in original). "That is, the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA." <u>Id.</u> The Fourth Circuit explained that if <u>Johnson</u> does invalidate the Guidelines' residual clause, "some crimes will no longer fit the . . . Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement." <u>Id.</u> In such cases, application of the <u>Johnson</u> rule will operate as one of the <u>Teague</u> exceptions to non-retroactivity by "prohibiting a certain category of punishment for a class of defendants because of their status." <u>Id.</u> (citing <u>Frazer v. South Carolina</u>, 430 F.3d 696, 704 n. 4 (4th Cir. 2005) (quoting <u>Saffle v. Parks</u>, 494 U.S. 484, 494 (1990) (further quotation omitted; brackets in <u>Hubbard</u> omitted)).

While a defendant still may be subject to the same statutory

range of punishments under the Guidelines, "'even the use of impeccable factfinding procedures could not legitimate'" <u>Hubbard</u>, 825 F.3d at 234 (quoting <u>Welch</u>, 136 S. Ct. at 1265), "'a sentence based on that clause' (that is, U.S.S.G. § 4B1.2(1) as it existed at the time of sentencing)." <u>Id.</u> at 234–35 (quoting <u>Welch</u>, 136 S. Ct. at 1265). In short, "<u>Johnson</u> is not a procedural decision" as applied to the Guidelines. <u>Hubbard</u>, 825 F.3d at 235 (citing <u>Welch</u>, 136 S. Ct. at 1265). <u>See also In re Patrick</u>, No. 16-5353, ___ F.3d ___, 2016 WL 4254929, at *3 (6th Cir. Aug. 12, 2016) (agreeing with <u>Hubbard</u>; rejecting government's arguments that <u>Johnson</u>'s application to the Guidelines is procedural).

Moreover, this Court has already held that the rule of <u>Johnson</u> should apply equally to U.S.S.G. § 4B1.2(a)(2). <u>See</u> Decision and Order dated 4/18/16, pp. 18-23, in <u>Antonio Williams v. United States</u>, No. 07-cr-238 (W.D.N.Y. Apr. 18, 2016). Respondent has offered no arguments or caselaw to cause the Court to reconsider its previous ruling, which is bolstered by the recent Fourth and Sixth Circuit opinions in <u>Hubbard</u> and <u>Patrick</u>, respectively.

## CONCLUSION

For the foregoing reasons, the Court finds that McKnight is entitled to resentencing because his original sentence "was imposed in violation of the Constitution or laws of the United States[,]" 28. U.S.C. § 2255(a). Because resentencing by the original sentencing judge will best satisfy the requirements of due process

in accordance with Rule 11 of the Federal Rules of Criminal Procedure, the Court will transfer this case to Judge Siragusa.

## ORDERS

For the reasons discussed above, it is hereby

**ORDERED** that James McKnight's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Dkt #52) is **granted**; and it is further

**ORDERED** that this matter is immediately transferred to District Judge Charles J. Siragusa for resentencing.

**IT IS SO ORDERED.**

**S/ Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     September 13, 2016
           Rochester, New York