UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES MCKNIGHT,

              Movant,

   -vs-

UNITED STATES OF AMERICA,

              Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6396-MAT**

**Criminal Case**
**No. 6:05-cr-6024-MAT**

---

## INTRODUCTION

James McKnight ("McKnight" or "Movant"), represented by counsel, filed a Motion to Correct the Sentence (Dkt #52) pursuant to 28 U.S.C. § 2255 ("Section 2255"). The Court McKnight asserts that his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") §§ 4B1.1 and 4B1.2.2 is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015).

In a Decision and Order dated September 13, 2016, the Court found that McKnight was entitled to resentencing because his original sentence "was imposed in violation of the Constitution or laws of the United States[,]" 28. U.S.C. § 2255(a). The Court granted McKnight's Section 2255 Motion and transferred the case to District Judge Charles J. Siragusa, the original sentencing judge, for resentencing.

Respondent filed a Motion for Reconsideration, arguing that Court's granting of Movant's Section 2255 Motion was the result of the misapplication of certain controlling principles and that a

correct application of those principles would result in a denial of the motion or a stay of the proceedings. Through counsel, McKnight filed a Response to the motion. The case subsequently was transferred to the undersigned for consideration of Respondent's motion.

As discussed further below, Respondent has failed to assert any proper grounds for reconsideration. Its motion is accordingly denied.

## DISCUSSION

### I. The Government's Motion for Reconsideration

Respondent does not state under what authority it brings its Motion for Reconsideration, but the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Respondent's arguments in support of reconsideration are, almost verbatim, the same arguments urged in its opposition to McKnight's Section 2255 motion. The Court has already considered and rejected these arguments. It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving

party seeks solely to relitigate an issue already decided." <u>Shrader</u>, 70 F.3d at 257.

Respondent alternatively argues that the Court should stay McKnight's Section 2255 motion pending the Supreme Court's decision in <u>Beckles v. United States</u>, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (order granting writ of <u>certiorari</u>). Respondent ignores the fact that, in the order transferring McKnight's Section 2255 motion to this Court for consideration, the Second Circuit expressly gave this Court permission to decide the motion without waiting for the Supreme Court to resolve <u>Beckles</u>. Therefore, this Court's <u>sua sponte</u> lifting of the stay was legally proper.

Finally, the Court notes that the Second Circuit's recent stay entered in <u>United States v. Corey Jones</u>, No. 15-1518 (2d Cir. Oct. 3, 2016), does not affect this case. Although McKnight has a prior New York conviction for third-degree robbery, the other predicate conviction on which the sentencing judge relied to designate him a career offender, i.e., first-degree reckless endangerment under New York law, is clearly not a "crime of violence." Therefore, McKnight does not have two qualifying predicates under the career offender provision. <u>See</u> U.S.S.G. § 4B1.1. Respondent has not contested, either in its response to McKnight's Section 2255 motion, or in its Motion for Reconsideration, reckless endangerment is not a "crime of violence" for purposes of the career offender provision.

**II. Movant's Request for Bail Pending Resentencing**

McKnight, in his opposition to the Government's motion, states that if his Section 2255 motion is granted, his amended aggregate Guidelines range would be 137 to 156 months and that, if he is sentenced within that range, he would receive, at least, a 24-month reduction from his originally imposed 180-month sentence. McKnight indicates that the Bureau of Prisons ("BOP") estimates his release date to be November 23, 2017. Thus, McKnight argues, even if he is resentenced to the upper end of the amended Guidelines range, he still would be eligible for immediate release. In addition, McKnight states that he is undergoing cancer treatment but complications with BOP medical equipment have delayed completion of his treatment and caused delays in his scheduled transition to the halfway house. McKnight explains that the delay has been compounded by the Government's motion for reconsideration. Accordingly, McKnight requests an order from this Court releasing him on bail pending his resentencing, with whatever conditions this Court deems necessary.

As the Court stated in its original order granting McKnight's Section 2255 Motion, it will not be handling McKnight's resentencing. In this Court's view, McKnight's request for release on bail pending resentencing is best undertaken by the original sentencing judge, District Judge Siragusa, to whom this case will be immediately transferred.

**CONCLUSION**

For the foregoing reasons, the Court finds that Respondent has failed to establish any basis for the Court to reconsider its Decision and Order granting McKnight's Section 2255 Motion and denying Respondent's request for a stay pending a decision in <u>Beckles</u>. Respondent's Motion for Reconsideration accordingly is **denied**. It is here by **ORDERED** that this matter is immediately transferred to District Judge Charles J. Siragusa for consideration of McKnight's request for bail pending resentencing and for correction of McKnight's sentence.

**IT IS SO ORDERED.**

Honorable Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    November 10, 2016
          Rochester, New York